```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND

                                   :
KIAMBO WHITE
                                   :

    v.                             :  Civil Action No. DKC 23-3161

                                   :
AMERICAN FEDERATION OF STATE
COUNTY AND GOVERNMENT EMPLOYEES :
UNION LOCAL 2250, et al.
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion to dismiss filed by Defendants Martin Diggs ("Mr. Diggs") and the Association of Classified Employees, American Federation of State, County, and Municipal Employees, Local 2250 ("Local 2250") (collectively, "Defendants"). (ECF No. 6). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted with respect to the federal claims. The remaining state and county-law claims will be remanded to state court for further consideration.

**I.  Background**

The following facts are alleged in the amended complaint. Plaintiff Kiambo White ("Plaintiff") was employed by Local 2250 as a "Field Representative." (ECF No. 3 ¶¶ 4, 7). Plaintiff is African American. (*Id.* ¶ 4). Plaintiff alleges that his hiring

"alarmed and threatened" Mr. Diggs, the President of Local 2250, who "felt displaced by [Plaintiff]'s effectiveness at forming [goodwill] with [Local 2250's] members and County supervisors on behalf of Local 2250." (*Id.* ¶¶ 3, 33). Moreover, Plaintiff contends that Mr. Diggs had formed an adversarial relationship with Timothy Traylor ("Mr. Traylor"), the then Executive Director of Local 2250, and leveraged sexual misconduct allegations against Mr. Traylor to "subvert and usurp [his] authority." (*Id.* ¶¶ 7, 29, 32). At a hearing in relation to the sexual misconduct accusations against Mr. Traylor, Plaintiff testified that those allegations were, to his knowledge, false. (*Id.* ¶ 34). Plaintiff also reported Mr. Diggs for misusing Local 2250's funds. (*Id.* ¶ 36). Mr. Diggs later retaliated against Plaintiff by (1) canceling Plaintiff's telecommuting work arrangement; (2) gaining access to Plaintiff's personally identifying information; (3) delaying and shorting Plaintiff's paychecks; (4) refusing to honor previously-authorized compensatory time off; (5) placing Plaintiff on probation and suspending him; (6) disparaging Plaintiff toward several employees of Local 2250; (7) terminating Plaintiff and transferring his responsibilities to Kimberly Reid, who is Caucasian; and (8) disparaging, or causing other employees of Local 2250 to disparage, Plaintiff toward Plaintiff's new employer, resulting in Plaintiff's termination. (*Id.* ¶¶ 39, 46, 55-56). Plaintiff alleges that Mr. Diggs lacked authority to take such

2

actions, and despite Mr. Diggs's knowledge that "he did not have the authority to fire [Plaintiff,]" who "was still, technically and officially, employed by [Local 2250,]" Mr. Diggs stopped wage payments and locked Plaintiff out of Local 2250's offices.  (*See id.* ¶¶ 38, 50, 52-54).

On November 6, 2023, Plaintiff filed an amended complaint in the Circuit Court for Prince George's County (the "Circuit Court"). (ECF No. 3).  Plaintiff advances the following claims against Defendants: (1) wrongful or abusive discharge (Count I), (*id.* ¶¶ 64-72); (2) discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Maryland Fair Employment Practice Act ("MFEPA"), Md. Code Ann., State Gov't § 20-601 *et seq.*, and Section 2-222 of the Prince George's County Code (Count II), (*id.* ¶¶ 73-83); and (3) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a), and MFEPA, Md. Code Ann., State Gov't § 20-606(f)(1) (Count III), (*id.* ¶¶ 84-89).

On November 20, 2023, Defendants removed the case to this court on the basis of federal question jurisdiction, citing Plaintiff's claims for unlawful discrimination and retaliation in violation of Title VII.  (*See* ECF No. 1 ¶¶ 2-3).  On November 28, 2023, Defendants filed a motion to dismiss.  (ECF No. 6).  On December 14, 2023, Plaintiff opposed.  (ECF No. 10).  On December

15, 2023, Plaintiff filed a supplemental opposition. (ECF No. 11). On December 28, 2023, Defendants replied. (ECF No. 12).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). Generally, a plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873

(4th Cir. 1989). Moreover, legal conclusions couched as factual allegations are insufficient, *Iqbal,* 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979). The court may only consider the complaint, documents attached to the complaint, documents explicitly incorporated into the complaint by reference, and documents integral to the complaint where there is no dispute as to the documents' authenticity. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Where a plaintiff advances claims for employment discrimination, a court may consider an EEOC charge and other EEOC documentation as documents integral to the complaint. *See, e.g., Williams v. 1199 SEIU United Healthcare Workers E.*, 12-cv-0072-WMN, 2012 WL 2923164, at *1 n.1 (D.Md. July 17, 2012) ("In the employment discrimination context, a court may consider an EEOC charge and other EEOC documentation [without converting a motion to dismiss into a motion for summary judgment] because such documents are integral to the complaint as plaintiff necessarily relies on these documents to satisfy the . . . requirements of the statutory scheme." (citing *Holowecki v. Fed. Express Corp.*, 440 F.3d 558,

5

565-66 (2ᵈ Cir. 2006); *McDougall v. Maryland Transit Admin.*, No. 11-cv-3410-WDQ, 2012 WL 1554924 at n.3 (D.Md. Apr. 27, 2012)); *Cobb v. Towson Univ.*, No. 14-cv-02090-ELH, 2015 WL 3654562, at *5 (D.Md. June 10, 2015) ("[I]n deciding a motion under Rule 12(b)(6), I may consider the Charge of Discrimination filed with the EEOC and the EEOC's final determination, because these documents give rise to a plaintiff's legal right to file a civil suit for employment discrimination and are necessarily relied on to satisfy statutory requirements." (citing *Williams*, 2012 WL 2923164, at *1 n.1))).[1]

**III. Analysis**

    **A. Request to Strike Plaintiff's Opposition and Supplemental Opposition**

As an initial matter, Defendants request that the court strike Plaintiff's supplemental opposition because it is duplicative of Plaintiff's opposition. (ECF No. 12, at 1-2). In addition, Defendants request that the court strike Plaintiff's opposition

---

[1] Accordingly, the court may consider Exhibits 1 and 2 attached to Defendants' motion to dismiss as documents integral to the amended complaint. (ECF Nos. 6-2 (EEOC charge); 6-3 (EEOC determination of charge and notice of right to sue)). The court, however, will not consider Exhibit 3 attached to Defendants' motion to dismiss, (ECF No. 6-4) (docket sheet), Plaintiff's sworn declaration attached to his opposition, (ECF No. 10-1), or the exhibits in Plaintiff's supplemental opposition, (ECF Nos. 11-1 (email correspondence between Plaintiff and the EEOC); 11-2 (letter of determination from the Prince George's County Office of Human Rights); 11-3 (academic article)), because they are not referenced in or integral to the amended complaint.

6

and supplemental opposition because they are untimely. (*Id.* at 2).

First, the court will not strike Plaintiff's supplemental opposition in its entirety given that it is not wholly duplicative of Plaintiff's opposition. Plaintiff's supplemental opposition consists of a legal memorandum (the "Supplemental Legal Memorandum"), (ECF No. 11), and the following attached exhibits (the "Supplemental Exhibits"): (1) email correspondence between Plaintiff and the EEOC, (ECF No. 11-1); (2) a Letter of Determination from the Prince George's County Office of Human Rights, (ECF No. 11-2); (3) an academic article from the University of Maryland Law Journal of Race, Religion, Gender, and Class, (ECF No. 11-3). The Supplemental Legal Memorandum is duplicative of the one filed in support of Plaintiff's opposition. (*Compare* ECF No. 11, *with* ECF No. 10). None of the Supplemental Exhibits have been previously filed. Therefore, only the Supplemental Legal Memorandum, (ECF No. 11), will be stricken.

Second, the court, in its discretion, will not strike Plaintiff's untimely opposition and Supplemental Exhibits. Pursuant to Local Rule 105.2, the deadline for Plaintiff's opposition was December 12, 2023—fourteen days after Defendants filed their motion to dismiss on November 28, 2023. Plaintiff,

however, filed his opposition on December 14, 2023, and his supplemental opposition on December 15, 2023.[2]

"It is within the Court's discretion to consider an untimely [opposition] for failing to abide by the Local Rules' briefing schedule[,]" especially in light of the fact that Local Rule 105.2 does not specify the consequence for a failure to meet a prescribed deadline. *See Shields v. Verizon Maryland, LLC*, No. 23-cv-02932-JMC, 2024 WL 1050996, at *3 (D.Md. Mar. 11, 2024) (citing *Ball-Rice v. Bd. of Educ. of Prince George's Cnty.*, No. 11-cv-1398-PJM, 2013 WL 2299725, at *5 (D.Md. May 24, 2013); *Parker v. Goldman Sachs Mortg. Co. Ltd. P'ship*, 596 F.Supp.3d 559, 568 n.5 (D.Md. 2022)). The United States Court of Appeals for the Fourth Circuit "emphasi[zes] . . . deciding cases on their merits rather than technicalities[.]" *Id.* (citing *Trustees of Sheet Metal Workers' Loc. Union No. 5 & Iron Workers Emps. Ass'n, Emp. Pension Tr. v. R. Stoddard, LLC*, No. 17-cv-3286-GJH, 2019 WL 1128518, at *1 (D.Md. Mar. 8, 2019); *Sama v. Turning Point, Inc.*, No. 22-cv-02344-JMC, 2024 WL 112030, at *3 (D.Md. Jan. 10, 2024); *Evans v. Resurgent Cap. Servs.*, No. 23-cv-02054-JMC, 2023 WL 6621348, at *1 (D.Md. Oct. 11, 2023)). Defendants do not contend that they suffered any prejudice as a result of Plaintiff's respective two and three-day delay in filing his opposition and supplemental opposition. Hence,

---

[2] Plaintiff did not move for leave to allow his late-filed opposition and supplemental opposition.

Defendants' request to strike Plaintiff's opposition, (ECF No. 10), and supplemental opposition, (ECF No. 11), on the basis of untimeliness will be denied.  *See, e.g.*, *H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D.Md. 2000) (denying a defendant's motion to strike an untimely opposition "[b]ecause the defendant has not shown that he was harmed in any way by the seven-day delay"); *Allgaier v. Microbiologics, Inc.*, No. 22-cv-01900-ELH, 2023 WL 2837336, at *6 (D.Md. Apr. 7, 2023) (similar).

**B. Motion to Dismiss**

Defendants urge the court to dismiss all of Plaintiff's claims. (ECF No. 6-1, at 1). Specifically, Defendants argue that Counts II and III should be dismissed because Title VII does not apply to Local 2250. (*Id.* at 6-7). Alternatively, Defendants maintain that Counts II and III are untimely under Title VII.[3] (*Id.* at 4-6). Defendants also assert that in Count I, Plaintiff fails to state a claim for wrongful or abusive discharge. (*Id.* at 7-12).

---

[3] Defendants improperly conflate Counts II and III with Plaintiff's Title VII claims. Despite noting that Local 2250 has too few employees to satisfy MFEPA's fifteen-employee numerosity requirement—without asserting that Plaintiff's claims in Counts II and III should also be dismissed on this basis—Defendants request that the court dismiss Counts II and III solely because "Plaintiff . . . failed to comply with Title VII's basic procedural and substantive requirements." (*See* ECF No. 6-1, at 4, 6 n.4). As Plaintiff argues, however, Counts II and III advance claims under MFEPA and the Prince George's County Code in addition to Title VII. (*See* ECF No. 10, at 14).

Defendants contend that "Plaintiff's Title VII causes of action . . . fail" because "Local 2250 does not meet the numerosity requirement for maintaining a Title VII action." (ECF No. 6-1, at 6-7). Defendants are correct, and Plaintiff responds by conceding his Title VII claims.[4] (*See* ECF No. 10, at 13). Title VII's numerosity requirement "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Accordingly, courts have dismissed Title VII claims under Rule 12(b)(6) where the plaintiff failed to plead that the defendant employer had at least fifteen employees at the time of the alleged violation. *See, e.g.*, *Evans v. Larchmont Baptist Church Infant Care Ctr., Inc.*, No. 2:11-cv-306-FBS, 2012 WL 699529, at *3 (E.D.Va. Feb. 29, 2012); *Morrow v. Keystone Builders Res. Grp., Inc.*, No. 2:08-4119-CWH, 2010 WL 3672354, at *8 (D.S.C. Sept. 15, 2010); *see also Ballentine v. Three T Towing, LLC*, No. 5:17-cv-00056-RJC-DSC, 2018 WL 1569869, at *3 (W.D.N.C. Mar. 7, 2018), *report and recommendation adopted sub nom. Ballentine v. Three T Towing, Inc.*, No. 5:17-CV-00056-RJC-DSC, 2018 WL 1567355 (W.D.N.C. Mar. 30, 2018) (noting that "Rule 12(b)(6) is the proper vehicle" to challenge Title VII claims for failure to satisfy Title VII's numerosity requirement). Here,

---

[4] Plaintiff, however, maintains that his remaining claims in Counts I, II, and III are still actionable. (*See* ECF No. 10, at 13-14, 15-27).

Plaintiff admits in his EEOC charge that Local 2250 employs fewer than fifteen employees. (ECF No. 6-2, at 2). As a result, the EEOC dismissed Plaintiff's charge on that basis. (ECF No. 6-3, at 2) ("The EEOC is closing this charge because the respondent employs less than the required number of employees or is not covered by the laws enforced by EEOC."). Thus, especially in light of Plaintiff's concession, Plaintiff's Title VII claims will be dismissed, and it is unnecessary to decide whether those claims are untimely.

Plaintiff's remaining claims in Counts I, II, and III arise under state and county law, for which the court has no independent basis for subject matter jurisdiction. "[A] district court[] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[A] district court has inherent power to dismiss the case or, in cases removed from State court, to remand, provided the conditions set forth in [28 U.S.C.] § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001); *see also Arbaugh*, 546 U.S. at 514 ("[W]hen a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over pendent state-law claims."). In determining whether to remand

supplemental state and county-law claims to state court, a district court must consider "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Growth Horizons, Inc. v. Delaware Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993)). Generally, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7; *see also Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 196 (4th Cir. 2002) ("[W]hen an action has been removed from state court and the district court subsequently loses its basis for original jurisdiction, in most instances the action must be remanded to the state court." (citing 28 U.S.C. § 1447(c); *Roach v. W. Va. Regional Jail and Corr. Facility Auth.*, 74 F.3d 46 (4th Cir. 1996))); *cf. United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that if all federal claims are dismissed before trial, a federal court should hesitate to exercise jurisdiction over remaining state-law claims because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the

parties, by procuring for them a surer-footed reading of applicable law[]").

The court will exercise its discretion to remand Plaintiff's remaining state and county-law claims to state court, which is better suited to adjudicate those claims. Litigating in the Circuit Court will not inconvenience the parties. The court has not yet expended substantial federal resources on this case, which is still at an early stage and has not yet proceeded to discovery. Nor have Defendants filed any responsive pleadings. Thus, the factors of judicial economy, convenience, fairness, and comity counsel in favor of remanding this action to state court.[5]

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss will be granted with respect to the federal claims. All other claims will be remanded to state court for further consideration. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

[5] As a result, it is unnecessary to consider Defendants' argument that Plaintiff has not stated a claim for wrongful or abusive discharge in Count I.